MISELLY MASONS, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. D. H. OVERMYER CO., INC., A NEW JERSEY CORPORATION; PEOPLES TRUST COMPANY OF BERGEN COUNTY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY; GIBBONS CONSTRUCTION COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY; GREEN AND WHITE CONSTRUCTION COMPANY, INC., A CORPORATION; MIDDLESEX CONCRETE PRODUCTS AND EXCAVATING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY; BEST BLOCK COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY; UTILITY-SEBOLT CO., A CORPORATION OF THE STATE OF NEW JERSEY; AND ISIDORE FRIEDMAN, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 28, 1970—Decided October 7, 1970.

Before Judges SULLIVAN, COLLESTER and LABRECQUE.

*Mr. Morton Joel Goldfein* argued the cause for plaintiff-appellant (*Messrs. Greenbaum, Greenbaum & Rowe,* attorneys; *Mr. Arthur M. Greenbaum,* of counsel).

*Mr. Edward P. Lynch* argued the cause for defendant-respondent D. H. Overmyer Co., Inc. (*Messrs. Pitney, Hardin & Kipp,* attorneys; *Mr. Clyde A. Szuch,* of counsel).

PER CURIAM. Plaintiff Miselly Masons, Inc. appeals from an order granting summary judgment in favor of defendant D. H. Overmyer Co., Inc.

Overmyer hired defendant Green and White Construction Co., Inc. to construct a warehouse facility on its property in Woodbridge, New Jersey. Green and White subcontracted the masonry work on the project to plaintiff who filed notices of intention in connection therewith. When plaintiff later filed a mechanic's lien claim for the balance due under its contract, it failed to endorse upon the lien claim the time of commencement of the action to enforce the same. The grant of summary judgment was predicated upon this omission.

In granting the motion the court below was of the opinion that *Cox v. Hruza,* 54 *N. J. Super.* 54 (App. Div. 1959) was controlling. We agree. In that case, where, as here, the plaintiff had urged that no other interest would be unjustly affected by allowance of its lien, it was held that the endorsement requirement of *N. J. S. A.* 2A:44–99 and 101 was substantive and mandatory, "It goes to the very life of the lien; observed, it gives the lien viability and continued life; disregarded, it cuts short its existence and potential effectiveness." (at 63)

We are thus left with no alternative but to affirm the judgment below.

SULLIVAN, P. J. A. D., (dissenting). I must disagree with my brethren, and in so doing question the soundness of *Cox v. Hruza,* 54 *N. J. Super.* 54 (App. Div. 1959).

Concededly, plaintiff failed to comply with one of the procedural requirements of the Mechanics' Lien Act, but defendant-respondent was not prejudiced in any way. *Cox* states at p. 63:

> The endorsement on the lien claim of the fact that an action has been commenced is necessary for the protection of all those who might rely upon the public record in the county clerk's office—not only the contractor and owner who, of course, know of the action because they are parties defendant, but all persons who might possibly claim a lien or interest in the lands involved, whether as mechanics' lien claimants, purchasers, mortgagees or judgment creditors.

However, I am satisfied that the endorsement is not intended to give notice of suit to the property owner, who must know about it since he is being sued. Therefore, it is inequitable to permit him to raise the failure to endorse as a defense. I would hold that under the circumstances the irregularity was not fatal to the validity of the lien claim and does not bar plaintiff from proceeding with his suit to establish his lien.